IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST NATIONAL INSURANCE | § | |
| COMPANY OF AMERICA, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2271 |
| | § | |
| RHJ-JOC, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 23] and the Motion for Default Judgment [Doc. # 30] filed by Plaintiffs First National Insurance Company of America and West American Insurance Company (collectively, "Plaintiffs" or "Surety"). Defaulting Defendants RHJ-JOC, Inc. ("RHJ") and RHJ and Associates, Inc. failed to respond to the Motion for Default Judgment. Individual Defendants Eva Jackson and Richard Jackson failed to file any response to the Motion for Summary Judgment by the January 8, 2015, deadline and, indeed, have advised defense counsel that they do not intend to file any opposition to the Motion for Summary Judgment. *See* Certificate of Conference [Doc. # 44]. Having reviewed the record and the applicable legal authorities, the Court **grants** both motions.

## I.   **BACKGROUND**

The facts in this case are uncontroverted.  Plaintiffs issued performance and payment bonds ("Bonds") on behalf of RHJ in connection with multiple Houston Independent School District ("HISD") construction projects.  *See* Performance Bonds, Exh. A-1 to Motion for Summary Judgment.  Defendants executed a General Agreement of Indemnity for Contractors ("Indemnity Agreement"), agreeing to indemnify Surety for any payments it was required to make under the Bonds.  *See* Indemnity Agreement, Exh. A-2 to Motion for Summary Judgment.  Defendants also agreed to indemnify Surety for its costs and expenses, including attorneys' fees, incurred by Surety as a result of any default by RHJ under the HISD construction contracts.  *See id.*

In December 2012, HISD notified Surety that RHJ was in default on the construction contracts, and made claims for payment under the Bonds.  *See* Letter dated December 28, 2012, Exh. A-3 to Motion for Summary Judgment.  Additionally, several of RHJ's subcontractors and suppliers on the HISD projects sought payment under the Bonds for work they performed or materials they supplied, and for which they were not paid.

Plaintiffs made payments under the Bonds, and incurred costs and fees, in excess of $6,158,237.36.  Plaintiffs made demand on Defendants for indemnity in

accordance with the Indemnity Agreement.  *See* Letters, Exhs. A-4 and A-5 to Motion for Summary Judgment.  Defendants have failed to indemnify Surety for its payments and expenses under the Bonds.

Plaintiffs filed this lawsuit seeking to recover under the Indemnity Agreement. Plaintiffs filed their Motion for Summary Judgment and Motion for Default Judgment, which are now ripe for decision.

## II.   <u>MOTION FOR DEFAULT JUDGMENT</u>

By Order [Doc. # 22] entered November 5, 2014, Defendants' attorney was permitted to withdraw.  The corporate defendants were advised that they could not appear in federal court without a licensed attorney.  *See* Order [Doc. # 22] (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)).  The corporate defendants were further advised that their Answer would be stricken and they would be in default if they did not have legal representation by December 5, 2014.

When no appearance by counsel was filed on behalf of the corporate defendants, the Court ordered their Answer stricken.  *See* Order [Doc. # 25].  Plaintiffs then filed their Motion for Default Judgment.  Pursuant to this Court's procedures, Plaintiffs served the Motion for Default Judgment on the two corporate Defendants both by First Class Mail and by Certified Mail.  Plaintiffs included a prominent

"Notice" explaining that the corporate Defendants were required to file and serve on Plaintiffs a response to the Motion and to the Complaint within fourteen days, and that the response must be signed by an attorney admitted to practice before this Court.  The Notice included the admonition that: "<u>Failure to respond timely in accordance with these deadlines will result in the granting of the Motion for Default Judgment</u>."  *See* Order to Serve Motion for Default [Doc. # 34]; Certificate of Compliance [Doc. # 39].

Defendants failed to respond, through licensed counsel or otherwise, to the Motion for Default or to the Complaint.  As a result, Plaintiffs are entitled to default judgment against the corporate Defendants.

## III.  <u>MOTION FOR SUMMARY JUDGMENT</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In this case, Plaintiffs have presented evidence that they issued the Bonds, and that RHJ defaulted on the HISD construction contracts.  Plaintiffs have presented evidence that, as a result of RHJ's default, they were required to make payment under the Bonds.  Plaintiffs have presented evidence that, notwithstanding demand for payment, Defendants have failed to satisfy their obligations under the Indemnity Agreement.  Neither the individual Defendants nor the corporate Defendants filed any response to the Motion for Summary Judgment.  Indeed, the individual Defendants have notified Plaintiffs that they do not intend to file any opposition to the Motion for Summary Judgment.  As a result, there is no evidence to refute Plaintiffs' evidence or otherwise to raise a genuine issue of material fact.  There being no genuine issue of material fact and no opposition to the Motion for Summary Judgment, Plaintiffs are entitled to summary judgment on their claim for indemnity under the Indemnity Agreement.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 23] is **GRANTED** as against Defendants Eva Jackson and Richard Jackson.  It is further

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. # 30] is

**GRANTED** as against Defendants RHJ-JOC, Inc. and RHJ and Associates, Inc.

The Court will issue a separate final Judgment.

SIGNED at Houston, Texas, this **15**[th] day of **January, 2015**.

_____

Nancy F. Atlas

United States District Judge